## In re E. GOLDBERGER, Inc.

### No. 35320.

District Court, E. D. New York.

April 10, 1940.

William C. Chanler, of New York City (Meyer Bernstein and Sol Charles Levine, both of New York City, of counsel), for city of New York, creditor.

Joffe & Joffe, of New York City (Max Apfelbaum, of New York City, of counsel), for trustee.

ABRUZZO, District Judge.

This is a motion for a hearing on the petition for review of the order of the referee dated November 29, 1939, which order provided that the sales and business tax claims of the City of New York (for which priority is asserted) shall be part of the expenses of administration and be on a parity with all expenses of administration and share pro-rata with such charges as come under Section 64, sub. a(1), 11 U.S. C.A. § 104, sub. a(1).

The referee's review certificate, dated December 13, 1939, must be reversed in part.

The debtor operated before liquidation under Section 77B of the Bankruptcy Act from July 18, 1938, to March 17, 1939. During that period of time, he collected $162.76 sales tax from various purchasers. This sales tax was paid to the debtor as trustee for and on account of the City of New York. It should have been set aside and kept separate for the account of the City of New York. At no time did this sum become a part of the estate of the bankrupt for general distribution. This amount must be paid to the City of New York before the payment of the expenses of administration, not because of priority, but due to the fact that the debtor was only the trustee of the money collected, its never becoming a part of the estate.

The business tax asserted by the City of New York does not come within this category.

The review certificate and order of the referee is therefore reversed as indicated, but in all other respects it is confirmed.

Settle order on notice.